The STATE of Oklahoma, Appellant,

v.

Barry Jerome DICK, Appellee.

No. O-76-171.

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1976.

Preston C. Trimble, Dist. Atty., Lynn C. Rogers, Asst. Dist. Atty., for appellant.

Luttrell, Pendarvis & Rawlinson, Norman, for appellee.

## OPINION

PER CURIAM:

Appellee, Barry Jerome Dick, was charged in the District Court, Cleveland County, Case No. CRF–75–654, for the offense of Unauthorized Use of a Motor Vehicle, in violation of 47 O.S.1971, § 4–102.

The Magistrate combined the preliminary examination with Appellee's Motion to Suppress, on January 22, 1976, and at the conclusion of said hearing, sustained the Appellee's Motion to Suppress and Motion to Dismiss, which was appealed to the District Court, who, after reviewing the record, affirmed the Motion to Suppress and Motion to Dismiss for want of sufficiency of the evidence. The State has perfected this appeal under Rule 6 of this Court.

The sole question presented in this appeal is whether the District Court erred in affirming the Magistrate's ruling sustaining the Motions to Suppress and Dismiss. Both the ruling of the Magistrate and that of the trial court must stand or fall on whether Appellee's arrest and the subsequent search and seizure incident to said arrest, was reasonable and based on probable cause. The evidence presented at the preliminary examination may be summarized as follows.

Between the hours of 8:30 p. m. on December 5, 1975 and 4:00 a. m. on December 6, 1975, Officer Tony Bryant had under surveillance the Dick residence located in Cleveland County near Newalla Road, where he was on stakeout. At that time he observed three cars leaving the premises and he stopped a 1974 Bronze Chevrolet Vega. After stopping the Vega he removed the Appellee from the Vega, noted the license number which was XG–1796, then secured the serial number of the Vega from the dash. The Appellee was then transported a short distance to where other persons were being detained, and placed in the custody of a member of the Norman Police Department. The Norman police notified Darrell Miranda that they had re-

covered a 1974 Chevrolet Vega. Mr. Miranda then ascertained that the Vega belonged to Hudiberg Chevrolet and testified that according to his records no one, including the Appellee, had leased or been given permission to use said automobile. Until he was notified by the Norman police, Mr. Miranda was unaware that the Vega was missing from the premises.

In reference to why Officer Bryant arrested the Appellee, the following appears at page 35 of the transcript:

"BY THE COURT: Well, did you have any reason to think that the Vega in this case was stolen; and, if so, tell me what that reason was?

"BY THE WITNESS [Officer Bryant]: No, sir, I didn't. The only reason in my mind for stopping the vehicle was the possibility of it being stolen because the other two vehicles we had recovered from the same family that evening.

"BY THE COURT: Which is a very good reason to continue investigation. It is called suspicion. . . ."

It should be noted that the State elicited from Officer Bryant that he had received information some three hours before the arrest of the Appellee, that Officers Neal and Walsh were planning to secure a search warrant for the premises of the Dick residence to search for late model, possibly stolen vehicles, but when defense counsel objected to this testimony, the Magistrate sustained the objection because the witness had no direct knowledge of what Officers Neal and Walsh were doing.

No offer of proof was made by the Assistant District Attorney as to what conversations were made between Officer Bryant and Officers Walsh and Neal, nor was Officer Walsh, who was the complaining witness, called as a witness, although both he and Sgt. Stringer were served with subpoenas to appear as witnesses.

On appeal, the State argues that the Magistrate's rulings sustaining defense objections prohibiting Officer Bryant from

testifying to communications made to him by Officers Neal and Walsh were so restrictive that it deprived the State of an opportunity to show that Officer Bryant had probable cause to stop the Appellee and secure information including the serial number from the dash of the vehicle and that for this reason this Court should remand for further preliminary examination.

At page 36 of the transcript, the following appears:

"BY THE COURT: . . . I think we should take a short recess here, and I will hear Counsel on this point. But it seems to me unless you have got some other witness that is going to lay some basis for probable cause, that this search and seizure is void ab initio.

"BY MR. ROGERS: I would like to be heard on that, but I don't anticipate *calling another witness right now.* [Emphasis added]

This argument would be strongly persuasive had the State made an offer of proof as to what communications were made to Officer Bryant and supported this by offering the testimony of Officers Walsh and Stringer, who could have testified to any attempt to secure a search warrant and the probable cause forming the basis for the affidavit requisite to the issuance of such warrant. Certainly, Officer Walsh could have testified to the communication made by him to Officer Bryant and the information he possessed upon which the communication was based. The State's failure to make an offer of proof or to produce additional witnesses who were apparently available, or additional witnesses who could have been secured during the recess, precludes the State from now seeking a remand for further preliminary examination.

 The State further argues that when Officer Bryant stopped the Appellees' vehicle and detained him for a period of time, such conduct did not constitute an arrest, and further, that securing the serial number of the motor vehicle by viewing the inside of the dash of the Vega did not constitute a search and seizure and therefore the trial court's sustaining the Magistrate's rulings on the Motions to Suppress and Dismiss was error. The State relies on *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, and numerous other citations to support this argument. We have examined each of the authorities and find that they are inapplicable, nor are we persuaded that the State's further argument that an exigent circumstance existed which required the stopping of the motor vehicle and the search and seizure of the same.

 Basing our decision solely on the competent evidence offered at the preliminary examination by the State, we are of the opinion that the trial court properly affirmed the Magistrate's Orders sustaining the Motion to Suppress and Motion to Dismiss.

The Order of trial court affirming the Order of the Magistrate sustaining the Motion to Suppress, is *AFFIRMED*, and the Honorable Alma Wilson, District Judge, is directed to enter an Order dismissing Cleveland County Case No. CRF-75-654 against Appellee, Barry Jerome Dick, exonerating his bond, and dismissing same. The Clerk of this Court is directed to issue the Mandate *FORTHWITH*.